Gabriel **OSEGUERA–CHAVEZ,** Petitioner,

v.

Michael B. **MUKASEY,** Attorney General, Respondent.

No. 05–70946.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 16, 2008.

Filed July 23, 2008.

Robert B. Jobe, Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Thomas Fatouros, Julie Pfluger, DOJ—U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: W. FLETCHER and TALLMAN, Circuit Judges, and BERTELSMAN *, District Judge.

## MEMORANDUM **

Gabriel Oseguera–Chavez petitions for review of an order of removal. He argues that the Immigration Judge and Board of Immigration Appeals erred in concluding that his misdemeanor burglary conviction under California Penal Code § 459 was a crime involving moral turpitude under INA § 212(a)(2)(A), 8 U.S.C. § 1182(a)(2)(A), rendering him ineligible for cancellation of removal. We agree, and remand for a determination of whether Oseguera–Chavez has satisfied the remaining criteria for cancellation of removal under INA § 240A(b), 8 U.S.C. § 1229b(b).

The government correctly concedes that a violation of California Penal Code § 459 is not categorically a crime of moral turpitude under *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). The criminal complaint against Oseguera–Chavez describes facts that, if proven, would demonstrate that his conviction under California Penal Code § 459 was for a crime involving moral turpitude. However, the mere entry of Oseguera–Chavez's *nolo contendere* plea to "459 PC," without more, does not constitute proof or admission of those facts. *See United States v. Vidal*, 504 F.3d 1072, 1086–88 (9th Cir.2007) (en banc); *Li v. Ashcroft*, 389 F.3d 892, 898 (9th Cir.2004). Oseguera–Chavez's conviction therefore cannot be considered a crime of moral turpitude under *Taylor*'s modified categorical approach.

GRANTED AND REMANDED.

---

* The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

